IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH REINWAND,                                             ORDER

      Plaintiff,                                             15-cv-799-bbc

    v.

FRANK BLACKBURN,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Joseph Reinwand, a prisoner at Columbia Correctional Institution, has filed this pro se lawsuit against defendant Frank Blackburn, a doctor employed by the National Electrical Benefit Fund. Plaintiff contends that Dr. Blackburn's opinion that plaintiff was "not disabled," causing him to lose his monthly disability benefits under the National Electrical Benefit Fund disability plan, was incorrect and constituted "medical malpractice." After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, I conclude that plaintiff's complaint fails to state a claim upon which relief can be granted.

OPINION

      This is not the first time that plaintiff has filed suit against defendant Blackburn. On December 8, 2014, plaintiff filed a lawsuit alleging that defendant Blackburn, the National Electrical Benefit Fund and benefit fund trustee Lawrence Bradley improperly terminated his disability benefits. Reinwand v. National Electrical Benefit Fund, 14-cv-845-bbc.

1

Initially, I allowed plaintiff's claims against defendant Blackburn to proceed past screening, but later granted his motion to dismiss on the ground that ERISA benefit claims may be brought only against the applicable ERISA plan. Dkt. #29 (citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)). Plaintiff subsequently filed a motion for reconsideration of this decision, which I denied.

In this new lawsuit, plaintiff alleges that Dr. Blackburn acted with an "evil motive" and "callous indifference" by opining that plaintiff was "not disabled" for purposes of his disability plan without conducting an actual in-person physical examination. According to plaintiff, Dr. Blackburn committed medical malpractice by issuing this allegedly baseless opinion.

Plaintiff's latest effort to hold Dr. Blackburn liable for his loss of disability benefits is no more successful than his earlier one. He fails to state a claim upon which relief can be granted. As I stated in plaintiff's other lawsuit, to the extent that plaintiff is seeking disability benefits he believes he is owed under the National Electrical Benefit Fund plan, his claims are preempted by ERISA's civil enforcement scheme and can be brought only pursuant to that scheme. 14-cv-845-bbc, Dkt. #5 at 3. This civil enforcement scheme provides that only the plan itself and not individuals may be held liable for benefits allegedly owed under its terms. Jass, 88 F.3d at 1490 ("ERISA permits suits to recover benefits only against the Plan as an entity.").

In any event, even if plaintiff's claims were not preempted by ERISA, they would still be subject to dismissal. To state a medical malpractice claim under either Wisconsin law,

2

plaintiff must establish the essential elements of a negligence claim: duty, breach, causation and damages.  Paul v. Skemp, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865, 2001 WI 42 ¶ 17 (2001).  Plaintiff's medical malpractice claim fails for the simple reason that Dr. Blackburn was not plaintiff's physician and therefore, did not owe him a duty of care.  Ande v. Rock, 256 Wis. 2d 365, 377, 647 N.W.2d 265, 271, 2002 WI App 136 ¶ 10 (2002) ("Whether a suit for malpractice will lie against a specific physician depends upon whether there is a physician-patient relationship between that physician and the complainant.").

Plaintiff's claim also fails to the extent that he is alleging a violation of his constitutional rights.  Dr. Blackburn is not employed by the government and is not a state actor.  Therefore, his actions do not implicate plaintiff's constitutional rights.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

ORDER

IT IS ORDERED that plaintiff Joseph Reinwand's complaint is DISMISSED with prejudice for failure to state a claim.  The clerk of court is directed to close the case.

Entered this 12th day of February, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3